**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**Shawn Stingley Jackson** **Plaintiff**

**v.** **No. 4:15CV00325 BSM-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration** **Defendant**

**<u>Recommended Disposition</u>**

**Instructions**

The following recommended disposition was prepared for U.S. District Judge Brian S. Miller. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Shawn Stingley Jackson seeks judicial review of the denial of his application for social security disability benefits.[3] Jackson last worked as a truck driver.[4] He claims he has been disabled since he lost his job in February 2012. He based disability on a remote left shoulder injury, a remote left leg injury, diabetes, and high blood pressure.[5]

**The Commissioner's decision**. The Commissioner's ALJ identified severe impairments: remote history of left arm and left leg fractures with surgical repair, remote history of left shoulder surgery, hypertension, and diabetes.[6] The ALJ determined Jackson can do some medium work,[7] to include his past work as a truck driver and an explosives operator.[8] The ALJ also determined that other work exists that Jackson can do and denied the application.[9]

---

[3]SSA record at pp. 153 & 160 (applying on Aug. 13, 2012 and alleging disability beginning Feb. 29, 2012).

[4]*Id*. at p. 182.

[5]*Id*. at p. 181.

[6]*Id*. at p. 14.

[7]*Id*. at pp. 15 & 24.

[8]*Id*. at p. 23.

[9]*Id*. at pp. 24-25.

After the Appeals Council declined to review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11] Jackson filed this case to challenge the decision.[12] This recommendation explains why the court should affirm the decision.

**Jackson's allegations**. Jackson claims the ALJ should have ordered a second consultative exam to fairly and fully develop the record. He maintains the ALJ erred by determining he can do medium work. He contends the ALJ failed to conduct a function-by-function analysis of his ability to work. A function-by-function analysis, he says, shows he can't do even a light-work job as an explosives operator. He maintains the regulations preclude the alternative finding that other work exists that he can do. For these reasons, he argues, substantial evidence does not support the decision.[13]

**Applicable legal principles**. In reviewing a decision denying an application for disability benefits, the court must determine whether substantial evidence supports

---

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]Docket entry # 13.

the decision.[14] Substantial evidence exists if a reasonable mind will accept the evidence as adequate to support the decision.[15]

For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Jackson can do medium work and work exists that he can do.[16] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."[17] The ALJ limited medium work by requiring occasional kneeling, crawling, reaching, handling, and pushing/pulling/lifting with the left arm.[18] A reasonable mind will accept the evidence as adequate to support the decision for the following reasons:

1. **Medical evidence shows nothing preventing some medium work**. A claimant must prove disability with medical evidence; subjective allegations are not enough to prove disability.[19] Remote medical

---

[14]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[16]*Britton*, 908 F.2d at 330 (substantial evidence exists if a reasonable mind will accept evidence as adequate to support conclusion).

[17] 20 C.F.R. §§ 404.1567(c) & 416.967(c).

[18]SSA record at p. 24.

[19]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and

evidence shows Jackson sustained left leg and left arm fractures in 1995,[20] and underwent left shoulder surgery in 2008.[21] This history provides no basis for disability because later Jackson did medium work,[22] and because medical evidence shows no deterioration in symptoms.

Soon after he stopped working, Jackson twice sought medical treatment for left shoulder pain.[23] His shoulder was impinged.[24] Diagnostic imaging was negative.[25] He was treated with injection therapy and sent

---

which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[20]SSA record at p. 342.

[21]*Id*. at p. 296.

[22]*Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994) (impairment "that was not disabling during working years and has not worsened cannot be used to prove present disability;" *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990) (impairments are disabling where claimant worked with them for years without any worsening of condition).

[23]SSA record at p. 411 (Apr. 7, 2012) & p. 396 (May 7, 2012).

[24]*Id*. at p. 399.

[25]*Id*. at pp. 395 & 415-16.

to physical therapy.[26] He went to physical therapy once.[27]

After applying for disability benefits, Jackson underwent a consultative exam.[28] The examiner found mild tenderness and a mild decease in range of motion with minimal discomfort in the left shoulder.[29] The descriptors mild and minimal suggest no disabling symptoms. Diagnostic imaging of the left shoulder and left ankle were negative.[30] Jackson could walk normally, bend, squat, and rise. According to the examiner, Jackson should be able to sit, stand, and walk for full workday, but should not lift and carry heavy objects with the left arm.[31]

After reviewing the examiner's report and recent treatment records, agency medical experts opined that Jackson has no severe impairment.[32] A reasonable will accept recent treatment history and medical opinion evidence as adequate to support the determination that Jackson can do medium work.

Jackson contends the ALJ failed to do a function-by-function analysis of his ability to work, but the medium-work determination embodies an implicit finding that Jackson has the functional capacity to do medium work.[33] The ALJ considered alleged symptoms, treatment history, work history, and the use of over-the-counter medications in determining

---

[26]*Id*. at p. 399.

[27]*Id*. at p. 407 (May 16, 2012) & p. 404 (no show on May 22, 2012).

[28]*Id*. at p. 233.

[29]*Id*. at p. 234.

[30]*Id*. at p. 235.

[31]*Id*.

[32]*Id*. at pp. 61, 69, 77 & 87.

[33]*Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (record reflected implicit finding about claimant's ability to sit, stand, and walk).

functional capacity.[34] The ALJ accounted for residual symptoms flowing from remote injuries by limiting postural functions and use of he left arm.[35] To the extent Jackson maintains he can't do his past light work job, a person who can do medium work can also do light work.[36]

2. **The ALJ fairly and fully developed the adequate record**. The ALJ must fairly and fully develop the record as to the matters at issue.[37] The pleadings placed the left shoulder, left forearm, and left leg at issue.[38] The ALJ sought treatment records and ordered a consultative exam. The examiner found nothing precluding medium work.

The exam provided the core basis of the "no severe impairment" opinion. Because Jackson later submitted treatment records for the 1995 left leg and arm fractures and 2008 left shoulder surgery, he says the ALJ should have ordered a second consultative exam, but no need existed for another exam. The agency examiner was aware of Jackson's medical history.[39] The examiner specializes in the type of impairments Jackson complained about. The examiner conducted a thorough exam and reviewed contemporaneous diagnostic imaging. Remote treatment records cannot change the result.

3. **Vocational evidence supports the decision**. According to a

---

[34]SSA record at p. 23 (Jackson "may have some level of pain associated with his history of left arm, left shoulder, and left leg surgeries," but he has "adequate limb function, mobility and range of motion and his activities … are not unduly restricted").

[35]*Id*. at p. 24.

[36]20 C.F.R. §§ 404.1567(c) & 416.967(c).

[37]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

[38]SSA record at pp. 181, 188, 196, 206 & 209.

[39]*Id*. at p. 233 (documenting medical history of left ankle surgery and left shoulder reconstruction).

vocational expert, Jackson's past work as a truck driver is medium work; the work as an explosive operator is light work that Jackson performed as medium work.[40] The vocational expert testified that a person with Jackson's limitations can work as a truck driver and an explosives operator.[41] Based on this, the ALJ determined Jackson can do his past jobs. Because a person who can do his past work is not disabled under social security law,[42] the ALJ properly concluded that Jackson is not disabled.

The ALJ asked the vocational expert about other available work. The vocational expert identified electrical tester.[43] Even if Jackson cannot work as a truck driver or an explosives operator, the availability of other work shows work exists that he can do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[44]

Jackson maintains the regulations preclude the alternative finding, but the regulations do not preclude an alternative finding. An application for disability benefits presents the question of whether the claimant's impairments are so severe — considering his age, education, and work experience — as to prevent him from doing any kind of substantial gainful activity existing in significant numbers in the national economy.[45] If the claimant can do some substantial gainful activity, he is not disabled, regardless of whether he can do his past work — like working as a truck driver or explosives operator — or whether he must

---

[40]*Id*. at pp. 52-53.

[41]*Id*. at p. 53.

[42]20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[43]SSA record at p. 54.

[44]42 U.S.C. § 1382c(a)(3)(B).

[45]*Id*.

adjust other work — like working as an electrical tester. The ALJ did not err in making an alternative determination.

**Conclusion and Recommendation**

Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Jackson's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 6th day of April, 2016.

J. Thomas Ray
United States Magistrate Judge